# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>KEITH PHELPS, RANDY CASILLAS, JODY CASILLAS, RACHEL HUMPHREY, RYAN GABEL, ANDREA TRACY, AND DONALD MORRISSEY,<br><br>　　　　　　　Defendants. | 8:16CR76<br><br>MEMORANDUM<br>AND ORDER |

　　　This matter is before the Court on the Objection to Suspending Speedy Trial (Filing No. 107) filed by Defendant Rachel Humphrey ("Humphrey"). Humphrey objects to Magistrate Judge F.A. Gossett's Order (the "Order") (Filing No. 101) granting Defendant Randy Casillas's Motion to Continue (Filing No. 99) and continuing the trial for all defendants from June 14, 2016, to July 12, 2016. For the reasons stated, the Objection will be overruled.

## DISCUSSION

　　　Upon a party's timely objection to a magistrate judge's order, a district judge must consider the objection and "modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Humphrey objects only to the Magistrate Judge's conclusion that the time between June 2, 2016, the date of the Order, and July 12, 2016, the date of trial, is excludable under the Speedy Trial Act.

　　　The legal basis for Humphrey's objection is unclear. However, the Court infers that Humphrey argues the Order was contrary to law. "Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance,

whichever is later." *United States v. Mallett*, 751 F.3d 907, 910-11 (8th Cir. 2014) (quoting *United States v. Suarez–Perez,* 484 F.3d 537, 540 (8th Cir. 2007)); see 18 U.S.C. § 3161(c)(1). This seventy-day countdown excludes

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The Magistrate Judge granted the continuance specifically noting that the ends of justice served by the continuance outweighed the parties' interest in a speedy trial. The Magistrate Judge explained the reasons for this conclusion, referencing Defendant Casillas's need to review discovery and explore plea negotiations. The Magistrate Judge concluded that failure to grant a continuance would deny Defendant Casillas reasonable time for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Order was not contrary to law and the time between the date of the Order and the time of trial is properly excludable for speedy trial purposes.

Humphrey also notes that her counsel was not contacted regarding the continuance. To the extent Humphrey argues that any time excluded for Defendant Casillas should not be excluded as to Humphrey, her Objection will be overruled. "[E]xclusions of time attributable to one defendant apply to all codefendants." *United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) (quoting *United States v. Arrellano–Garcia,* 471 F.3d 897, 900 (8th Cir. 2006)). Accordingly, any time excluded as to

3

Defendant Casillas is excludable as to all Defendants and the Order was not contrary to law. Accordingly,

IT IS ORDERED: the Objection to Suspending Speedy Trial (Filing No. 107) filed by Defendant Rachel Humphrey is overruled.

Dated this 6th day of June, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge